[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 13-15348
Non-Argument Calendar
_____

D.C. Docket No. 0:12-cv-61537-WPD


EDUARDO FLORES,

Plaintiff-Appellant,

versus

DEVRY UNIVERSITY, INC.,

Defendant-Appellee.


_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(July 28, 2014)



Before TJOFLAT, JORDAN, and EDMONDSON, Circuit Judges.

PER CURIAM:

Eduardo Flores, a Hispanic American male and a former full-time professor at DeVry University,  appeals the district court's grant of summary judgment in favor of DeVry University, in his civil rights suit alleging retaliation in violation of 42 U.S.C. § 1981.  Flores's suit sprung up from an e-mail complaint he sent to one DeVry official (a statement alleging racist conduct on the part of DeVry) and from his subsequent firing (allegedly for working simultaneously at a competing institution contrary to University policy).  On appeal, Flores expressly argues that the district court erred in granting DeVry's motion for summary judgment because he established a *prima facie* claim for retaliation; we suppose he implicitly challenges the court's determination that he did not show pretext.

We review the grant or denial of summary judgment *de novo*.  *Moton v. Cowart*, 631 F.3d 1337, 1341 (11th Cir. 2011).  In doing so, we draw all inferences in the light most favorable to the non-moving party.  *Id.*  "[I]f the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law," then summary judgment is appropriate.  *Id.*

Under 42 U.S.C. § 1981, "[a]ll persons ... shall have the same right ... to make and enforce contracts ... as is enjoyed by white citizens," which in an employment context means protection against discrimination based on race and

2

color.  *See* 42 U.S.C. § 1981(a).  Section 1981 protects individuals who seek to enforce their rights thereunder from retaliation.  *See CBOCS West, Inc. v. Humphries*, 553 U.S. 442, 457, 128 S.Ct. 1951, 1961, 170 L.Ed.2d 864 (2008) (retaliation claims permitted under § 1981); *Andrews v. Lakeshore Rehab. Hosp.*, 140 F.3d 1405, 1411–13 (11th Cir. 1998) (same).

Absent direct evidence, when analyzing claims for retaliation brought under § 1981, we employ the analytical framework set forth in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973).  *Bryant v. Jones*, 575 F.3d 1281, 1307 (11th Cir. 2009).  Under this framework, a plaintiff alleging retaliation may establish a *prima facie* case by showing, among other things, that a causal link exists between a protected activity he engaged in and an adverse act, such as a firing.  *Id.* 1307-08.

If a plaintiff establishes a *prima facie* case of retaliation and the defendant articulates a legitimate, non-discriminatory reason for the adverse act, the plaintiff must then demonstrate that the defendant's proffered reason was merely a pretext to mask retaliatory acts.  *See id.* at 1308.

To create a genuine issue about a causal connection, the plaintiff has to show (1) "that the decision-makers were aware of the protected conduct" and (2) "that the protected activity and the adverse actions were not wholly unrelated."  *See Shannon v. BellSouth Telecomms., Inc.,* 292 F.3d 712, 716 (11th Cir. 2002) .

3

Actual knowledge is required.  Furthermore, "temporal proximity [between the employee's protected conduct and the adverse employment action] alone is insufficient to create a genuine issue of fact as to causal connection where there is unrebutted evidence that the decision[-]maker did not have knowledge that the employee engaged in protected conduct." *Brungart v. BellSouth Telecomms., Inc.,* 231 F.3d 791, 799 (11th Cir. 2000).

To establish that a defendant's explanation was pretextual, the plaintiff may point to "concrete evidence in the form of specific facts which show[ ] that the defendant's proffered reason was mere pretext[;] [m]ere conclusory allegations and assertions [do] not suffice." *Bryant*, 575 F.3d at 1308 (alterations omitted).  We must evaluate whether the plaintiff's evidence has demonstrated "such weaknesses, implausibilities, inconsistencies, incoherencies or contradictions in the employer's proffered legitimate reasons for its actions that a reasonable factfinder could find them unworthy of credence." *Vessels v. Atlanta Indep. Sch. Sys.*, 408 F.3d 763, 771 (11th Cir. 2005) .

A reason is pretextual if it is false and the true reason is impermissible. *St. Mary's Honor Ctr. v. Hicks*, 509 U.S. 502, 515, 113 S.Ct. 2742, 2752, 125 L.Ed.2d 407 (1993).  "The plaintiff must meet the reason proffered [by his employer] head on and rebut it." *Crawford v. City of Fairburn, Ga.*, 482 F.3d 1305, 1308 (11th Cir. 2007) .

4

Upon review of the record and consideration of the parties' briefs, we see no reversible error.

On this record, the district court correctly granted summary judgment in favor of DeVry. Flores failed to establish a *prima facie* claim for retaliation because the evidence indicated that the decision-makers (Spano and Padron) for his termination were not aware of the racism complaint he had sent to another DeVry official. Furthermore, Flores failed to show that DeVry's reason for firing him was pretextual: DeVry had a policy against full-time professors teaching at competing institutions, and it was undisputed that Flores violated this policy. Accordingly, we affirm the judgment.

**AFFIRMED.**